Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Comptroller. The record before us seems so developed and the findings so cast as to test the area of permissible decision by the Comptroller under a claim of “accident” within the frame of the decision in Matter of Owens v. McGovern (309 N. Y. 449). Here there is a finding of fact that the employee, who was a forest ranger, was fighting a forest fire in a mountain area; was “overcome by exhaustion and collapsed” and died; and a specific finding that the strenuous physical activities as found “precipitated the attack of coronary occlusion resulting in his death ”. The conclusion of law was that the employee “did not sustain an accident”. In Matter of Owens the decision here (283 App. Div. 898) in which the Comptroller was upheld in dismissing the claim, was reversed and the claim remitted to the Comptroller because he refused to take medical testimony in a ease somewhat similar to the one before us. It seems implicit in the Court of Appeals decision that if “ unusual extra exertion ” (p. 457) sufficient to have caused a coronary thrombosis had been found, it should have been treated as an accident. The opinion of Judge DbsmOND also indicated that if facts such as here found, the unusual strain (i.e. “overcome by exhaustion”) and its causal relation to the death, had also been found the question whether there was an “ accident ” within the statute would become a question of law (pp. 455, 456). As we view the fact findings made by the Comptroller attributing the death to exhaustion in the work, the legal conclusion to be drawn is that there was an accident and that the conclusion made that the employee “ did not sustain an accident ” is not deducible from the facts as the Comptroller found them. Determination annulled on the law, without costs, and claim remitted to the Comptroller.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.